Submitted October 6, 2015, permanency judgments based on December 20, 2013, petitions reversed and remanded February 18, 2016

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. E. W.,
*Appellant.*

Washington County Circuit Court
J130123;
Petition Number 01J130123M;
A159211 (Control)

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. E. W.,
*Appellant.*

Washington County Circuit Court
J130124;
Petition Number 01J130123M;
A159212

368 P3d 64

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

In this consolidated juvenile dependency case, father appeals from permanency judgments, entered after a permanency hearing, continuing the juvenile court's jurisdiction over his two children based on petitions filed on December 20, 2013. He asserts that the juvenile court erred in denying his motion to dismiss jurisdiction, and also erred in denying his motion to dismiss amended jurisdictional petitions that the Department of Human Services (DHS) filed on the second day of the permanency hearing. DHS concedes that the juvenile court erred in denying father's motion to dismiss jurisdiction based on the December 20, 2013, petitions; DHS acknowledges that, at the time of the permanency hearing, the adjudicated bases for jurisdiction did not provide grounds for continuing jurisdiction. But DHS contends that father's challenge to the amended petitions, which had not been adjudicated at the time father filed his notice of appeal in this case, is premature. We agree with the parties that the juvenile court erred in denying father's motion to terminate jurisdiction based on the December 20, 2013, petitions, but we decline to address father's challenge to the denial of his motion to dismiss the amended petitions because, as DHS argues, it is premature.

The jurisdictional judgments based on the December 20, 2013, petitions were entered in February and March 2014. The juvenile court entered the permanency judgments on appeal here in March 2015, after a two-day permanency hearing. As DHS concedes, the juvenile court erred in denying father's motion to dismiss jurisdiction based on the December 20, 2013, petitions, because the adjudicated bases for jurisdiction—that mother, who has a substance abuse problem and mental health issues, poses a threat to the welfare of the children, and that father, who resides outside Oregon, did not have legal custody and had not taken steps to obtain legal custody—did not provide grounds for continuing jurisdiction. *See, e.g., Dept. of Human Services v. I. S.*, 261 Or App 731, 739, 324 P3d 486 (2014) (juvenile court erred in denying father's motion to dismiss when record did not demonstrate that, absent a custody order, father would be unable to protect children from

mother). Thus, the permanency judgments based on allegations in the December 20, 2013, petitions must be reversed and remanded.

The remaining question concerns the trial court's ruling on father's motion to dismiss the amended petitions. At the time the juvenile court asserted jurisdiction, father lived in California. DHS requested that California authorities conduct a home study under the Interstate Compact for the Placement of Children (ICPC) to determine whether father was a placement resource. Before California had made a determination, father moved to Arizona. On DHS's request, Arizona authorities conducted an ICPC home study and rejected father as a placement resource for the children, "due to concerns of criminal history, domestic violence and also concerns" that father and father's new wife had previously had three children removed from their care.

Before the second day of the permanency hearing, DHS filed amended petitions alleging that the children should continue in the juvenile court's jurisdiction, because they are "depend[ent] for care and support on a public child-caring agency that needs the services of the court in planning for the best interest of the [children] that the father cannot presently satisfy." When the permanency hearing resumed, the court combined it with a shelter hearing on the amended petitions.

DHS presented evidence at the hearing that both father and his new wife have a history with child-welfare authorities in California and that there was an active warrant in California for father's arrest based on a misdemeanor charge of child neglect. As previously described, the juvenile court continued jurisdiction under the original jurisdictional judgments, which the state concedes was error in light of father's dismissal motion, and we agree. The juvenile court also denied father's motion to dismiss the amended petitions, finding that father "cannot at this time be considered as a placement resource due to ICPC denial and outstanding warrant." The juvenile court entered a shelter order based on the amended petitions, but it did not enter jurisdictional judgments on the amended petitions. Instead, it stated that it would schedule a jurisdictional hearing on them.

As DHS asserts, father's challenge to the juvenile court's ruling denying his motion to dismiss the amended petitions is premature because, at the time this appeal was filed, the juvenile court had not yet entered jurisdictional judgments on the amended petitions. To seek review of the order denying his motion to dismiss the amended petitions, father had to wait until the juvenile court entered judgments on them. *See Dept. of Human Services v. A. S.-M.*, 270 Or App 728, 742, 350 P3d 207 (2015) (order entered in termination proceeding before termination judgment is reviewable in the context of appeal of termination judgment); *State ex rel Dept. of Human Services v. Sumpter*, 201 Or App 79, 85, 116 P3d 942 (2005) (order entered after petition to terminate parental rights but before parental rights are terminated is reviewable in the context of an appeal of the final judgment of termination). We therefore decline to review father's challenge to the order denying his motion to dismiss the amended petitions.[1]

Permanency judgments based on December 20, 2013, petitions reversed and remanded.

---

[1] After this case was submitted to the court, DHS filed a notice of probable mootness. ORAP 8.45. DHS suggests that father's first claim—that the juvenile court erred by denying his motion to dismiss jurisdiction—is moot as a result of a subsequent order entered by the juvenile court. Because it is not clear from the order that the juvenile court dismissed the jurisdictional basis that father challenges on appeal (and that DHS concedes was not supported by the record), father's first claim is not moot.

DHS also suggests that father's second claim—that the juvenile court erred by denying his motion to dismiss the amended petitions—is moot because the juvenile court has since entered a permanency judgment based on the allegations in those petitions. Because father's second claim is premature, we need not decide whether it is also moot.