Argued and submitted September 7, reversed and remanded with instructions to terminate wardships October 5, 2016

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. E. W.,
*Appellant.*

Washington County Circuit Court
J130123;
Petition Number 01J130123M;
A160745 (Control)

In the Matter of S. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

Z. E. W.,
*Appellant.*

Washington County Circuit Court
J130124;
Petition Number 01J130123M;
A160746

383 P3d 989

Sarah Peterson argued the cause for appellant. With her on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Cecil A. Reniche-Smith argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**DUNCAN, P. J.**

In these consolidated cases, father appeals orders and judgments by the juvenile court that asserted jurisdiction over father's two children. We reverse and remand with instructions to terminate the wardships over the children.

In March 2014, the juvenile court asserted jurisdiction over the children based on allegations that mother, who had physical custody of the children in Oregon, had substance abuse and mental health issues that threatened the children's welfare and that father, who lived in California, did not have legal custody of the children and had not taken steps to obtain it. In March 2015, at a permanency hearing, father moved to dismiss jurisdiction and terminate the wardships over the children, asserting that the adjudicated bases for jurisdiction did not provide grounds for continuing jurisdiction. The juvenile court denied the motion, reasoning, in part, that jurisdiction was warranted because Arizona, where father had relocated, had declined to approve father as a "placement" for the children through the Interstate Compact for the Placement of Children (ICPC). ORS 417.200-417.260.

Father appealed, contending that the juvenile court erred in continuing jurisdiction because, at the time of the hearing on father's motion to dismiss, father's lack of a custody order did not expose the children to a particularized and nonspeculative risk of serious loss or injury. The Department of Human Services (DHS) conceded that the juvenile court had erred in denying father's motion to dismiss. We agreed and reversed the permanency judgments denying father's motion to dismiss. *Dept. of Human Services v. Z. E. W.*, 276 Or App 463, 368 P3d 64 (2016).

While that appeal was pending, the juvenile court held a hearing on amended jurisdictional petitions, which alleged, among other things, that Arizona had again declined to approve father as a placement through the ICPC. During the hearing, the juvenile court expressed its belief that it had to apply the ICPC when ruling on the jurisdictional petitions. In response, the attorneys for father and DHS explained that the ICPC's placement provisions apply only after the juvenile court has asserted jurisdiction:

"[FATHER'S COUNSEL]: \* \* \* And just to clarify, the—father's position has been that *you don't get to the ICPC unless the [s]tate has already proven the—that the grounds that brought the children were within the [c]ourt's jurisdiction still exist.*

"*ICPC deals with an open case and placement,* but the case doesn't remain open unless the [s]tate has proven that the grounds that brought the children within the [c]ourt's jurisdiction continue to exist.

"\* \* \* \* \*

"[DHS'S COUNSEL]: I believe, Your Honor, and with what [father's counsel] is saying, it's just, I think, it was a little different way of saying what I was saying, is that, *you get to that [the ICPC] when you have jurisdiction. If this—if the father were before this court and you found that their bases for jurisdiction didn't exist or we don't get—to the next step.*"

(Emphases added.)

The trial court rejected father's argument against jurisdiction and entered the jurisdictional orders and judgments that are the subjects of these consolidated appeals. On appeal, father argues that the juvenile court erred by asserting jurisdiction over the children because the record does not contain sufficient evidence to establish that the children's conditions or circumstances were "such as to endanger [their] welfare." ORS 419B.100(1)(c). DHS concedes that the juvenile court erred. Regarding Arizona's decisions not to certify father as a placement, DHS agrees that, given the absence of evidence of a specific risk to the children's welfare, "the juvenile court erred when it relied on the negative ICPC [report] as the basis for taking jurisdiction."

We agree with the parties that DHS failed to present legally sufficient evidence to establish that the children were endangered by their conditions and circumstances as alleged in the amended jurisdictional petitions. We also note that, as the parties agree, the fact that father has not been approved as an ICPC placement is not, in and of itself, a basis for asserting jurisdiction over the children. *See* ORS 419B.334 ("When the court determines it would be in the best interest and welfare of a *ward,* the court may, if there

is an interstate compact \*\*\* permitting the ward to reside in another state while under protective supervision, or to be placed in an institution or with an agency in another state, place the ward under protective supervision in such other state." (Emphasis added.)).

Reversed and remanded with instructions to terminate wardships.